1  SCOTT J. HYMAN (State Bar No. 148709)
   sjh@severson.com
2  GENEVIEVE R. WALSER-JOLLY (State Bar No. 262784)
   grw@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  The Atrium
   19100 Von Karman Avenue, Suite 700
5  Irvine, California 92612
   Telephone: (949) 442-7110
6  Facsimile: (949) 442-7118

7  ERIK KEMP (State Bar No. 246196)
   ek@severson.com
8  SEVERSON & WERSON
   A Professional Corporation
9  595 Market Street, Suite 2600
   San Francisco, California 94105
10 Telephone: (415) 398-3344
   Facsimile: (415) 956-0439

11
   Attorneys for Defendant BRIDGECREST
12 CREDIT COMPANY, LLC

13           UNITED STATES DISTRICT COURT

14     CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

15

16 ALICIA MICHALAK, individually and      Case No.
   on behalf of the general public,
17                                         **NOTICE OF REMOVAL TO**
              Plaintiff,                    **FEDERAL COURT (DIVERSITY**
18                                         **JURISDICTION)**
              vs.
19
   BRIDGECREST CREDIT COMPANY,
20 LLC; and DOES 1 through 50,
   inclusive,
21
              Defendant.
22

23 **TO:   THE COURT CLERK AND ALL PARTIES AND THEIR**

24 **ATTORNEYS OF RECORD:**

25         PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446,

26 defendant Bridgecrest  Credit Company, LLC ("Bridgecrest") hereby removes the

27 above-captioned action from the Superior Court of the State of California, in and for

28 the County of Orange, to the United States District Court, Central District of

California.  Bridgecrest alleges that it is entitled to removal pursuant to 28 U.S.C. § 1332, based upon diversity jurisdiction, as follows:

1.     Bridgecrest is a named defendant in the civil action filed on or about November 23, 2022 by plaintiff Alicia Michalak ("plaintiff") in the Superior Court of the State of California, in and for the County of Orange, Case No. 30-2022-01294302-CU-CO-NJC, entitled *Alicia Michalak v. Bridgecrest Credit Company LLC*  (the "State Court Action").

2.     On December 7, 2022, Bridgecrest was served with copies of the Summons, Complaint, Declaration Regarding Venue, and Notice of Hearing Case Management Conference.  True and correct copies of all of these documents are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

3.     Bridgecrest has not yet filed an answer or otherwise responded to plaintiff's complaint in the State Court Action.  Accordingly, the documents attached hereto as Exhibit A constitute all process, pleadings, and orders received in the State Court Action.

4.     Removal to this district court is proper because this is the district which embraces the county in which plaintiffs filed the State Court Action.  28 U.S.C. § 1441(a).

5.     *Intradistrict Assignment*.  Assignment to the Southern Division of this Court is appropriate because this is alleged to be an action arising in the County of Orange.

6.     *Diversity Jurisdiction*.  Bridgecrest is entitled to remove the State Court Action on the ground that this Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332, and it is an action that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and involves an amount in controversy that exceeds the sum or value of $75,000, exclusive of costs and interest.

/ / /

7.     *Plaintiff's Citizenship*.  Plaintiff is, and, at the time she filed her complaint, was, a resident of the State of California, as alleged in her Complaint, Compl., ¶ 6, and Bridgecrest accordingly understands and alleges that plaintiff is a citizen of the State of California.  *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).  To the extent plaintiff disputes her citizenship, Bridgecrest requests limited discovery on the question of plaintiff's citizenship.  *E.g., Cram v. Elec. Data. Sys. Corp.*, 2007 WL 2904250, at *4-5 (S.D. Cal. Oct. 3, 2007) (granting request for discovery regarding diversity jurisdiction); *Ignacio v. ADP Inc.*, 2014 WL 12639095, at *1 (C.D. Cal. Dec. 16, 2014) (same).

8.     *Bridgecrest's Citizenship*.  Bridgecrest is, and, at the time plaintiff filed her complaint, was, a limited liability company.  A limited liability company is a citizen of every state in which its members are citizens.  *Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004).  Bridgecrest's sole member is Bridgecrest Acceptance Corporation, an Arizona corporation with its principal place of business in Arizona.  Accordingly, Bridgecrest is not, and, at the time plaintiff filed her complaint, was not, a citizen of the State of California, but of the State of Arizona, the State of which its member is a citizen.

9.     *Amount in Controversy*.  The amount in controversy in this action exceeds $75,000, exclusive of costs and interest.

10.     A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operation Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  The "amount in controversy reflects the maximum recovery the plaintiff could reasonably recover."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).  "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as

1    attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase &*

2    *Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The amount in controversy includes all

3    amounts "at stake" in the litigation at the time of removal, "whatever the likelihood

4    that [the plaintiff] will actually recover them." *Arias*, 936 F.3d at 927.

5         11.    Plaintiff's complaint alleges that Bridgecrest sent her a post-

6    repossession notice of intent ("NOI") that failed to comply with the Rees-Levering

7    Act. Compl. ¶¶ 14-18, 26-28, Ex. A. As a result, plaintiff alleges that it was

8    improper for Bridgecrest to attempt to collect a deficiency balance from her. *Id.*, ¶¶

9    4, 15, 19, 24-25, 30-31, 41-43. She seeks a purported "public injunction" barring

10   Bridgecrest from sending the same form of NOI to other customers and precluding

11   Bridgecrest from collecting the deficiency balances owed by customers who have

12   received the same form of NOI. *Id.*, ¶¶ 1, 3, 55, 57; Prayer, ¶ 3.

13        12.    Plaintiff seeks to recover actual damages. Compl., ¶¶ 36, 46; prayer, ¶

14   4. Some courts have awarded damages of $150,000 or more as actual damages in

15   consumer cases. *See, e.g., Kim v. BMW Fin. Servs. NA, LLC*, 142 F. Supp. 3d 935,

16   939-40 (C.D. Cal. 2015) (jury verdict awarded $150,000 to plaintiff in noneconomic

17   damages and $250,000 for the injury to plaintiff's reputation or creditworthiness);

18   *Miller v. Equifax Info. Servs., LLC*, No. 3:11-CV-01231-BR, 2014 U.S. Dist. LEXIS

19   69450, at *29 (D. Or. May 20, 2014) (plaintiff received jury award of $180,000).

20   Although Bridgecrest denies that plaintiff has suffered such damages, plaintiff's

21   request for actual damages shows that the amount in controversy exceeds $75,000.

22        13.    Plaintiff seeks to enjoin Bridgecrest from collecting her deficiency

23   balance in the amount of $3,261.90. Compl. ¶¶ 3, 19, 54-55. The value of

24   injunctive relief for purposes of determining the amount in controversy "is the

25   pecuniary result to either party which the judgment would directly produce[.]" *In re*

26   *Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001). As granting plaintiff the

27   injunction she seeks would deprive Bridgecrest of the right to collect the money

28   owed to it, the value of the injunctive relief is at least $3,261.90. *See Arguelles-*

1    *Romero v. Super. Ct*., 184 Cal. App. 4th 825, 844 (2010)  (noting in similar NOI

2    case that where "plaintiffs seek a declaration that they are not liable for the entire

3    deficiency balance; clearly, it is the amount of that deficiency balance that is at

4    issue.").

5         14.     Plaintiff also seeks a purported "public injunction" barring Bridgecrest

6    from collecting the deficiency balances owed by customers who have received the

7    same form of NOI.  *Id*., ¶¶ 1, 3, 55, 57; Prayer, ¶ 3.   The aggregate amount of

8    deficiency balances that plaintiff seeks to enjoin Bridgecrest from collecting exceeds

9    $75,000.  Accordingly, the amount in controversy on plaintiff's claim for a

10    purported public injunction also exceeds $75,000 in its own right.  *Myers v. Merrill*

11    *Lynch & Co*., No. C-98-3532 WHO, 1999 U.S. Dist. LEXIS 22642, at *16 (N.D.

12    Cal. Aug. 23, 1999).

13         15.     Plaintiff also seeks statutory damages of up to $2,000 under the

14    Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30, and the

15    incorporated federal Fair Debt Collection Practices Act.  *See* Compl. ¶ 47; Prayer, ¶

16    5; 15 U.S.C. § 1692k(a)(2)(A) ("any debt collector who fails to comply with any

17    provision of this subchapter with respect to any person is liable to such person …

18    [for] additional damages as the court may allow, but not exceeding $1,000"); Cal.

19    Civ. Code § 1788.17 ("every debt collector … shall be subject to the remedies in

20    Section 1692k…").

21         16.     Additionally, Plaintiff seeks to recover her attorney's fees and costs

22    under the Rees-Levering Act and Rosenthal Act. Compl., ¶¶ 37, 48; prayer, ¶ 7.

23    Each statute authorizes an award of attorney's fees and costs to a prevailing

24    plaintiff.  Cal Civ. Code, §§ 1788.30(c); 2983.4.   "[W]here an underlying statute

25    authorizes an award of attorneys' fees, either with mandatory or discretionary

26    language, such fees may be included in the amount in controversy." *Galt G/S v. JSS*

27    *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  In addition, "a court must

28    include *future* attorneys' fees recoverable by statute or contract when assessing

whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (emphasis added). Plaintiff's attorneys have regularly sought to recover over $75,000 in fees in similar consumer disputes. *See, e.g., Gauchat-Hargis v. Forest River, Inc.*, No. 2:11-cv-02737-KJM-EFB, 2013 U.S. Dist. LEXIS 128508, at *34 (E.D. Cal. Sep. 6, 2013) (awarding plaintiff's counsel $47,760.00 in fees in individual consumer dispute on fee motion seeking over $213,000). Accordingly, plaintiff's attorneys fees' requests puts over $75,000 in controversy, and thus satisfies the jurisdictional threshold on its own.

17.   The aggregate value of the injunctive relief, statutory damages, actual damages, and attorney's fees that plaintiff seeks to recover in this action exceeds $75,000.

18.   To the extent plaintiff disputes the amounts she seeks to recover, Bridgecrest requests limited discovery on the question of the amount in controversy. *E.g., Cram v. Elec. Data. Sys. Corp.*, 2007 WL 2904250, at *4-5 (S.D. Cal. Oct. 3, 2007); *Ignacio v. ADP Inc.*, 2014 WL 12639095, at *1 (C.D. Cal. Dec. 16, 2014).

19.   This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed and served within 30 days of service of the State Court Action on Bridgecrest.

20.   As required by 28 U.S.C. § 1446(d), Bridgecrest will provide written notice of the removal of this action to plaintiff and to the Orange County Superior Court.

WHEREFORE, Bridgecrest prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

/ / /

/ / /

/ / /

1  DATED:  January 6, 2023

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEVERSON & WERSON
A Professional Corporation


By:  *Genevieve R. Walser-Jolly*
_____
GENEVIEVE R. WALSER-JOLLY

Attorneys for Defendant BRIDGECREST
CREDIT COMPANY, LLC

# EXHIBIT A

# EXHIBIT A

| | SUM-100 |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** BRIDGECREST CREDIT COMPANY, LLC; and
***(AVISO AL DEMANDADO):*** DOES 1 through 50, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** ALICIA MICHALAK,
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** individually and on
behalf of the general public

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:       Judge Donald F. Gaffney
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*     30-2022-01294302-CU-CO-NJC

ORANGE COUNTY SUPERIOR COURT
700 Civic Center Dr., West
P.O. Box 838
Santa Ana, CA 92702

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Adam J. McNeile  Bar No. 280296          (415) 632-1900     (415) 632-1901
KEMNITZER, BARRON & KRIEG, LLP
1120 Mar West St., Ste., C2
Tiburon, CA 94920

A. Gill

DATE:      11/23/2022    DAVID H. YAMASAKI, Clerk of the Court       Clerk, by _____, Deputy
*(Fecha)*                                                            *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

KEMNITZER, BARRON & KRIEG, LLP
ADAM J. MCNEILE          Bar No. 280296
KRISTIN KEMNITZER        Bar No. 278946
1120 Mar West St., Ste. C2
Tiburon, CA  94920
Telephone: (415) 632-1900
Facsimile: (415) 632-1901
adam@kbklegal.com
kristin@kbklegal.com

Attorneys for Plaintiff ALICIA MICHALAK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| ALICIA MICHALAK, individually and on behalf of the general public,<br><br>        Plaintiff,<br><br>vs.<br><br>BRIDGECREST CREDIT COMPANY, LLC; and DOES 1 through 50, inclusive,<br><br>        Defendants. | **Assigned for All Purposes**<br>Judge Donald F. Gaffney<br><br>Case No. 30-2022-01294302-CU-CO-NJC<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND DAMAGES FOR:**<br><br>**I.  VIOLATIONS OF THE REES-LEVERING AUTOMOBILE SALES FINANCE ACT, CIVIL CODE §2981, *ET SEQ.*;**<br>**II.  VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIVIL CODE §1788, *ET SEQ.*; AND**<br>**III.  VIOLATION OF THE UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.***<br><br>Unlimited Civil Case<br><br>JURY TRIAL DEMANDED |

**PRELIMINARY STATEMENT**

1.      Plaintiff ALICIA MICHALAK ("Plaintiff"), on behalf of herself and the general

public, and in the public interest, brings this action against Defendants BRIDGECREST

CREDIT COMPANY, LLC ("BRIDGECREST") and DOES 1 through 50 to address the

unlawful, unfair, and deceptive practices of BRIDGECREST following the repossession of

1    Plaintiff's motor vehicle.

2        2.    The Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.* (the

3    "Rees-Levering Act") sets forth the bright-line rule that if a statutory post-repossession notice

4    (commonly referred to as an "NOI") does not strictly comply with the law, no deficiency balance

5    may be collected. Because BRIDGECREST's NOI does not comply with the law,

6    BRIDGECREST's attempts to collect on the alleged deficiency balance from Plaintiff were

7    illegal.

8        3.    BRIDGECREST's statutory post-repossession notice is a form document.

9    BRIDGECREST sends the same deficient NOI to members of the general public.

10   BRIDGECREST is not entitled to a deficiency balance from members of the public to whom it

11   issues such notice or has issued such notice in the past, and Plaintiff is seeking to enjoin

12   BRIDGECREST from continuing to issue the defective notice or attempt to collect on

13   deficiencies following issuing such notice pursuant to the Unfair Competition Law, Business &

14   Professions Code §17200, *et seq.* (the "UCL"), as set forth in the prayer for relief.

15       4.    BRIDGECREST's attempts to collect from Plaintiff also constitute violations of

16   the Rosenthal Fair Debt Collection Practices Act, Civil Code §1788, *et seq*. (the "Rosenthal

17   Act").

18       5.    Plaintiff seeks appropriate relief, including attorneys' fees, costs and expenses.

19                                    **PARTIES**

20       6.    Plaintiff is an individual over the age of 18 years. At all times relevant herein,

21   Plaintiff was, and currently is, a resident of the State of California.

22       7.    Defendant BRIDGECREST is a financial institution which, at all times relevant

23   herein, was licensed to do business and was conducting business in the State of California and

24   the County of Orange. BRIDGECREST is engaged in the business of providing financing to

25   purchasers of automobiles and engages in debt collection on such accounts.

26                              **DOE DEFENDANTS**

27       8.    DOES 1 through 50 are persons or entities whose true names and capacities are

28   presently unknown to Plaintiff and who therefore are sued by such fictitious names. Plaintiff is

1    informed, believes, and thereon alleges that each of the fictitiously named Defendants

2    perpetrated some or all of the wrongful acts alleged herein-below, are responsible in some

3    manner for the matters alleged herein, and are jointly and severally liable to Plaintiff. Plaintiff

4    will seek leave of court to amend this Complaint to state the true names and capacities of such

5    fictitiously named Defendants when ascertained.

6                                                    **AGENCY**

7              9.       Plaintiff is informed, believes, and thereon alleges that at all times mentioned

8    herein each Defendant, whether actually or fictitiously named, was the principal, agent (actual or

9    ostensible), or employee of each other Defendant. In acting as such principal or within the course

10   and scope of such employment or agency, each Defendant took some part in the acts and

11   omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff and to the

12   members of the public for the relief prayed for herein.

13                                   **JURISDICTION AND VENUE**

14            10.      This Court has jurisdiction over Plaintiff's claims because Plaintiff is a resident of

15   California, and BRIDGECREST is qualified to do business in California and regularly conducts

16   business in California.

17            11.      Venue is proper in the County of Orange because Plaintiff resides in and the acts

18   and practices alleged herein, including the attempts to collect the illegal deficiency balance,

19   occurred in the County of Orange.

20                                       **OPERATIVE FACTS**

21            12.      Plaintiff purchased a used 2017 Mazda 3 from an online dealership. The

22   dealership arranged financing for the purchase, and assigned the conditional sale contract (a

23   "RISC") to BRIDGECREST.

24            13.      Plaintiff became delinquent on the financing after she experienced financial

25   difficulties. On July 7, 2022, BRIDGECREST repossessed the vehicle. Plaintiff called

26   BRIDGECREST on July 13, 2022 to attempt to work out how Plaintiff could reinstate the

27   contract. BRIDGECREST told Plaintiff the following regarding what she would need to do to

28   reinstate the contract:

1             (a)  The amount to reinstate would be $1,711 *plus* a $425 repossession fee

2             (b)  When Plaintiff asked if any other charges would be added, BRIDGECREST

3                    said that BRIDGECREST could only guarantee that amount for that day, and

4                    that the amount was subject to change any day after.

5        14.    Plaintiff did not receive the NOI, so Plaintiff contacted BRIDGECREST again on

6  July 19, 2022. This time, BRIDGECREST told Plaintiff the following:

7             (a)  The amount to reinstate would be $2,703 and that "This is the number today.

8                    If you can't pay us today, it will change."

9             (b)  The vehicle was being shipped to Nevada for auction.

10            (c)  That Plaintiff would need to contact the car shipping company for details as to

11                 where the vehicle was located and that BRIDGECREST could not tell

12                 Plaintiff at that time where exactly the vehicle was

13        15.    On that same day, Plaintiff contacted the repossession agent, American Recovery

14  Service, to attempt to determine where the vehicle was located. Nobody answered. Plaintiff left a

15  voicemail, and Plaintiff did not receive a call back.

16        16.    Plaintiff did not receive the NOI in the mail until July 21, 2022.

17        17.    Plaintiff continued to attempt to contact American Recovery Service to determine

18  where the vehicle was. Nobody ever answered or called Plaintiff back. Because Plaintiff could

19  not determine where Plaintiff's vehicle was or the exact amount Plaintiff would need to pay to

20  get it back, Plaintiff gave up.

21        18.    The NOI stated that the vehicle had been repossessed and would be sold unless

22  Plaintiff redeemed the vehicle by paying the full balance remaining on the loan, or paid a certain

23  amount to reinstate the contract. This document, commonly referred to as an "NOI" is attached

24  hereto as **Exhibit A**. However, the NOI did not contain several of the disclosures mandated by

25  Civil Code §§2983.2(a)(1)-(a)(9).

26        19.    Plaintiff did not recover her vehicle. BRIDGECREST then sold the vehicle and

27  assessed a deficiency balance of $3,621.90 against Plaintiff and demanded that she pay this

28  amount to BRIDGECREST. A copy of this collection document dated September 16, 2022 is

1   attached hereto as **Exhibit B**. BRIDGECREST falsely represented to Plaintiff that she owed a

2   deficiency balance when in fact she did not because of BRIDGECREST's noncompliance with

3   the Rees-Levering Act.

4        20.     Plaintiff has suffered injury in fact and has lost money or property as a result of

5   the unlawful, unfair, and fraudulent acts and practices of BRIDGECREST challenged herein.

6        21.     Specifically, as a result of BRIDGECREST's defective NOI, Plaintiff was not

7   provided the information to which she was entitled in order to recover possession of her vehicle

8   and ultimately lost possession of the vehicle and the equity she had put into it.

9                                **The Rees-Levering Act**

10       22.     A consumer's right to a particularized notice after repossession is established by

11  the provisions of the Rees-Levering Act. The Rees-Levering Act regulates the repossession and

12  disposition of motor vehicles financed under conditional sale contracts in California, and, among

13  other provisions, imposes strict requirements upon holders of conditional sale contracts, such as

14  BRIDGECREST, following the repossession of a vehicle.

15       23.     In order to protect consumers' valuable property interests in financed vehicles,

16  and afford buyers a full opportunity to make an informed decision as to whether to exercise their

17  statutory right to redemption or reinstatement, the Rees-Levering Act requires the seller or holder

18  of the contract to issue a detailed NOI to the buyer following repossession. Civil Code §2983.2

19  specifies the precise information and disclosures that must be included in the NOI in order to

20  comply with the law.

21       24.     Absent strict compliance with the mandatory requirements for the NOI, a seller or

22  holder may not lawfully collect any deficiency from any person liable under a RISC following

23  disposition of the repossessed vehicle. The Rees-Levering Act specifically provides that those

24  persons "shall be liable for any deficiency only if the notice prescribed" only if the notice

25  contains "all" of the disclosures mandated by the statute. Civil Code §2982.2(a) (emphasis

26  added).

27       25.     The Rees-Levering Act further specifies that no seller or holder may obtain a

28  deficiency judgment, and "no deficiency judgment shall lie in any event," against a person

1  otherwise liable under a RISC after the repossession and disposition of a vehicle unless a court

2  has determined, upon the affidavit of the seller or holder, or a hearing if the court so requires,

3  that the sale or other disposition was in conformity with the provisions of the Rees-Levering Act.

4  Civil Code §2983.8.

5       26.   The NOI that BRIDGECREST issued Plaintiff following the repossession of her

6  vehicle was materially defective and incomplete, and failed to inform Plaintiff of all of her legal

7  rights and obligations.

8       27.   Specifically, the NOI sent by BRIDGECREST fails to comply with the strict

9  requirements of the Rees-Levering Act for the reasons set forth below.

10  **a.  Violation of Civil Code §2983.2(a)(1), Regarding the Consumer's Right to Redeem the**

11     **Vehicle**

12       Consumers owe deficiency balances only if the NOI sets forth that the person has the

13  right to redeem the vehicle by paying the "full the indebtedness evidenced by the contract until

14  the expiration of 15 days from the date of giving or mailing the notice and provides an

15  itemization of the contract balance and of any delinquency, collection or repossession costs and

16  fees and sets forth the computation or estimate of the amount of any credit for unearned finance

17  charges or canceled insurance as of the date of the notice." Civil Code §2983.2(a)(1).

18       BRIDGECREST's NOI fails to comply with the requirements of this section because the

19  NOI fails to set forth the amount of any payments to third parties necessary to redeem the

20  vehicle, which BRIDGECREST represented to Plaintiff on the phone it did not know because the

21  amount she owed was subject to change.

22  **b.  Violation of Civil Code §2983.2(a)(2), Regarding the Consumer's Right to Reinstate**

23     **the Contract.**

24       Consumers owe deficiency balances only if the NOI "[s]tates either that there is a

25  conditional right to reinstate the contract until the expiration of 15 days from the date of giving

26  or mailing the notice and all the conditions precedent thereto or that there is no right of

27  reinstatement and provides a statement or reasons therefore." Civil Code §2983.2(a)(2).

28       BRIDGECREST's NOI fails to comply with the requirements of this section because it

1    fails to state all of the "conditions precedent" to reinstatement.

2                    i.      The NOI fails to set forth the exact amount Plaintiff must pay in order to

3                            reinstate the contract. Instead, Plaintiff called BRIDGECREST in to

4                            determine the exact amount she owed to reinstate, and BRIDGECREST

5                            informed Plaintiff that the amount to reinstate was only valid that day and

6                            would change depending on other charges that may be incurred. *Juarez v.*

7                            *Arcadia Fin., Ltd.* (2007) 152 Cal.App.4th 889, 905.

8                    ii.     The NOI fails to provide the accurate address at which the consumer may

9                            retrieve the vehicle and reinstate the contract. When Plaintiff called

10                           BRIDGECREST to determine where she could pick up the vehicle,

11                           BRIDGECREST told Plaintiff that BRIDGECREST did not know where

12                           the vehicle was.

13                   iii.    The NOI fails to set forth how reinstatement funds must be paid, i.e. by

14                           cashier's check or money order.

15   **c.   Violation of Civil Code §2983.2(a)(3), Regarding the Extension Form.**

16           The NOI fails to provide the required information on the extension form. Civil Code

17   §2983.2(a)(3) requires that the "substance of the form being limited to the extension require,

18   spaces for the requesting party to sign and date the form, and instructions that it must be

19   personally served or sent by certified or registered mail, return receipt requested." Here, the

20   extension form does not identify the customer's account information, which requires the

21   customer to complete that information herself.

22   **d.   Violation of Civil Code §2983.2(a)(4), Pertaining to the Place of Return of the Motor**

23        **Vehicle Upon Redemption or Reinstatement**

24           Persons liable under Form Agreements owe deficiency balances only if the Statutory

25   Notice, "[d]iscloses the place at which the motor vehicle will be returned to those persons upon

26   redemption or reinstatement." While the NOI does appear to designate where the motor vehicle

27   would be returned to Plaintiff, BRIDGECREST told Plaintiff in that BRIDGECREST did not

28   know where the vehicle was located. Instead, BRIDGECREST directed Plaintiff to call a third

1   party. Plaintiff could not reach the third party. Further, BRIDGECREST stated its intent and

2   listed in the NOI that the vehicle would be sent to Las Vegas, Nevada but would not be sent back

3   to California should Plaintiff reinstate the contract.

4          28.    The NOI also violates other provisions of Civil Code §2983.2(a) not detailed

5   herein.

6          29.    The defective and improper NOI issued to Plaintiff, which BRIDGECREST

7   continues to issue to members of the public purportedly pursuant to Civil Code §2983.2, deprives

8   them of the statutorily-mandated notice, and are standard notices sent by BRIDGECREST as a

9   practice and procedure.

10         30.    Notwithstanding BRIDGECREST's failure to comply with the mandatory NOI

11   requirements of the Rees-Levering Act, BRIDGECREST has assessed, demanded, attempted to

12   collect, and collected deficiency balances from borrowers, for which Plaintiff is not liable as a

13   matter of law and which BRIDGECREST has no legal right to demand or to collect.

14         31.    BRIDGECREST has made unlawful collection demands to Plaintiff and has

15   falsely represented to Plaintiff that a deficiency balance is owed.

16         32.    At all relevant times, BRIDGECREST has had actual and/or constructive

17   knowledge that Plaintiff is not liable for any deficiency balance as a matter of law as a result of

18   its failure to comply with the Rees-Levering Act, but has nevertheless persisted in its unlawful

19   collection activity.

20                               **FIRST CAUSE OF ACTION**

**(Violations of the Rees-Levering Automobiles Sales Finance Act, Civil Code §2981, *et seq.*)**

21                 **(By Plaintiff Against BRIDGECREST and Applicable DOES)**

22         33.    Plaintiff realleges and incorporates herein by reference the allegations in each and

23   every paragraph above.

24         34.    The Rees-Levering Act regulates automobile sale and financing transactions for

25   motor vehicles purchased primarily for personal or family purposes. The conditional sale

26   contract entered into by Plaintiff is subject to and governed by the provisions of the Rees-

27   Levering Act. BRIDGECREST is or was a "seller" or "holder" of said contracts as those terms

28   are used in the statute.

35.     BRIDGECREST has engaged and is engaged in ongoing material violations of the Rees-Levering Act in that the NOI provided to Plaintiff and which continues to be provided to the public, ostensibly pursuant to Civil Code §2983.2(a), does not contain the statutorily-mandated disclosures and information required by Civil Code §2983.2(a). Thus BRIDGECREST deprived Plaintiff and continues to deprive the public of substantial rights granted them under the Rees-Levering Act, including the right to make an informed decision about whether to redeem/reinstate their contracts. Because BRIDGECREST has failed to provide Plaintiff and the public with all of the information and disclosures to which they were entitled under Civil Code §2983.2(a), Plaintiff and the public are not liable, under the explicit terms of §§2983.2(a) and 2983.8 of the Rees-Levering Act, for any deficiency following the disposition of their repossessed motor vehicles. Nevertheless, without any legal right to do so, BRIDGECREST maintains that Plaintiff and the public owe it for deficiency balances and has collected or attempted to collect such deficiency balances.

36.     As a direct and proximate result of the acts hereinabove alleged and BRIDGECREST's ongoing unlawful conduct, Plaintiff has been damaged in an amount to be proven at trial.

37.     Plaintiff seeks recovery of her attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code §1788, *et seq.*)**
**(By Plaintiff Against BRIDGECREST and Applicable DOES)**

38.     Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

39.     The Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. Civil Code §1788.1(b). The California Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civil Code §1788.1(a)(2).

40.     BRIDGECREST at all times relevant herein was a "debt collector" within the meaning of Civil Code §1788.2(c). BRIDGECREST, regularly and in the ordinary course of business, on behalf of itself or others, engages in acts and practices in connection with the collection of consumer debt. BRIDGECREST had a non-delegable duty under the Rosenthal Act not to commit violations of the Act, and not to allow its agents to commit such violations, which duties BRIDGECREST itself was prohibited from violating.

41.     The purported deficiency balance which BRIDGECREST attempted to collect from Plaintiff was a "consumer debt" within the meaning of Civil Code §1788.2(f). Plaintiff is a "debtor" within the meaning of Civil Code §1788.2(h) in that she is a natural person from whom BRIDGECREST sought to collect a consumer debt alleged to be due and owing.

42.     BRIDGECREST attempted to collect non-existent deficiency balances from Plaintiff by, among other things, conducting collections efforts in-house, and by making demands for payment.

43.     BRIDGECREST made false representations to Plaintiff that she owed a debt, and the amount and legal status of the alleged debt, by sending Plaintiff a standardized form demand letter, in which BRIDGECREST stated that Plaintiff was "obligated to pay" her alleged deficiency balance, when she was not, and demanded payment on the non-existent deficiency balance. This was a violation of Civil Code §1788.17 (through violation of 15 U.S.C. §1692e, including §1692e(2)).

44.     BRIDGECREST attempted to collect on a debt that is not permitted by law by attempting to collect on a legally non-existent post-repossession deficiency balance. BRIDGECREST's conduct violated 15 U.S.C. §1692f, including §1692f(1), incorporated into the Rosenthal Act by Civil Code §1788.17.

45.     As a proximate result of BRIDGECREST's violations of the Rosenthal Act, Plaintiff has been damaged in amounts that are subject to proof.

46.     Plaintiff is entitled to recover her actual damages pursuant to Civil Code §1788.17, incorporating by reference 15 U.S.C. §1692k(a)(1), or in the alternative, Civil Code §1788.30(a).

47.     BRIDGECREST's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to recover statutory damages pursuant to Civil Code §1788.17, which incorporates by reference the remedies of 15 U.S.C. §1692k(a)(2)(A), or in the alternative, Civil Code §1788.30(b).

48.     Plaintiff is entitled to attorneys' fees and costs pursuant to Civil Code §1788.17, incorporating by reference 15 U.S.C. §1692k(a)(3), or in the alternative, Civil Code §1788.30(c).

WHEREFORE, Plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**(Violations of Business & Professions Code §17200, *et seq*.)**
**(By Plaintiff and on Behalf of the Public BRIDGECREST and Applicable Does)**

49.     Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above.

50.     Plaintiff files this cause of action individually, and on behalf of the general public, to challenge and to remedy Defendants' business practices. Business & Professions Code §17200, *et seq.*, often referred to as the "Unfair Competition Law," defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief and restitution to affected individuals as remedies for any violations of the UCL.

51.     Beginning on an exact date unknown to Plaintiff, BRIDGECREST has committed acts of unfair competition proscribed by the UCL, including the practices alleged herein. The acts of unfair competition include the following:

(a)     BRIDGECREST violated and continues to violate the provisions of Civil Code §2983.2(a) with respect to Plaintiff and the public by failing to send them NOI that contain the disclosures mandated by that section;

(b)     BRIDGECREST breached and continues to breach the terms of its uniform conditional sales contracts with Plaintiff and the public by breaking its twin promises in the RISCs to (1) "provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle," and (2) "If you break your promises (default), we may demand that you pay all you owe on this contract at

once, subject to any right the law gives you to reinstate this contract."

(c)     BRIDGECREST negligently misrepresented and continues to misrepresent to Plaintiff and members of the public issued defective NOI that they are obligated to pay deficiency balances;

(d)     BRIDGECREST actively concealed and continues to conceal its unlawful activity from Plaintiff and members of the public sent defective NOI;

(e)     BRIDGECREST unlawfully, unfairly, and/or fraudulently carried and continues to carry on its accounts records deficiency balances of Plaintiff and members of the public issued NOI as amounts lawfully due and owing;

(f)     BRIDGECREST unlawfully, unfairly, and/or fraudulently collected and continues to collect or attempt to collect deficiency balances from Plaintiff and members of the public sent defective NOI; and

(g)     BRIDGECREST unlawfully, unfairly, and/or fraudulently continues to send defective NOI to members of the public.

52.     The business acts and practices of BRIDGECREST as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Rees-Levering Act, constitute systematic breaches of contracts and constitute violations of the common law.

53.     The business acts and practices of BRIDGECREST, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs the substantial harm to consumers.

54.     The business acts and practices of BRIDGECREST, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

55.     The unlawful, unfair, and fraudulent business acts and practices of BRIDGECREST described herein presents a continuing threat to Plaintiff and the public in that

1  BRIDGECREST is currently engaging in such acts and practices, and will persist and continue to

2  do so unless and until an injunction is issued by this Court.

3       56.     As a direct and proximate result of the acts and practices described herein,

4  BRIDGECREST has received and collected substantial monies or property to which

5  BRIDGECREST is not entitled. Plaintiff has suffered injury in fact and has lost money or

6  property as a result of the unlawful, unfair and fraudulent acts and practices of BRIDGECREST

7  challenged herein.

8       57.     Pursuant to Business and Professions Code § 17203, Plaintiff seeks an injunction,

9  the language of which is proposed in the Prayer for Relief.

10       58.     In addition, pursuant to Code of Civil Procedure § 1021.5, Plaintiff seeks

11  recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this

12  action.

13       59.     WHEREFORE, Plaintiff prays for relief as set forth below.

14  **<u>PRAYER FOR RELIEF</u>**

15  WHEREFORE, Plaintiff respectfully prays for relief as follows:

16  (1)     For an order finding and declaring that BRIDGECREST's acts and practices as

17       challenged herein are unlawful and unfair;

18  (2)     For an order of restitution in an amount to be determined at trial to restore to Plaintiff all

19       money acquired by BRIDGECREST by means of its unlawful and unfair practices, which

20       amount is at least equal to all sums collected for alleged deficiency balances following

21       the disposition of repossessed motor vehicles;

22  (3)     For entry of an injunction that BRIDGECREST cease issuing NOI to California

23       consumers in the form of **Exhibit A**.

24  (4)     For such compensatory damages in an amount to be determined at trial;

25  (5)     For statutory damages;

26  (6)     For prejudgment interest to the extent permitted by law;

27  (7)     For an award of attorneys' fees, costs, and expenses pursuant to Civil Code §1780(e),

28       Civil Code §2983.4, Code of Civil Procedure §1021.5, and any other applicable

1    provisions of law;

2    (8)    For declaratory relief; and

3    (9)    For such other and further relief as the Court may deem just and proper.

4    Dated:  November 23, 2022                    KEMNITZER, BARRON, & KRIEG, LLP

5

6                                        By:    _____

7                                               ADAM J. MCNEILE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### **JURY TRIAL DEMANDED**

2

Plaintiff demands a trial by jury on all issues so triable.

3

Dated: November 23, 2022                    KEMNITZER, BARRON, & KRIEG, LLP

4

5                                                   By: _____

6                                                        ADAM J. MCNEILE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



Bridgecrest
PO Box 29018
Phoenix, AZ 85038
800-965-8029

**USPS CERTIFIED MAIL™**

9207 1901 0802 0002 3131 09

2022-07-08

ALICIA MICHALAK
█████████████████

S1-132 - 2

### NOTICE OF INTENT TO DISPOSE AND OUR PLAN TO SELL PROPERTY

RE:    Credit Transaction
Account Number: ████████2601
Vehicle Description:   2017 MAZDA MAZDA3
VIN: ████████████103874

We have your property described above, because you broke promises in our agreement.

We will sell the vehicle described above at private sale sometime after 2022-07-29. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference, plus interest at the interest rate listed on your contract, from the date of the sale until the date of judgment.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

**NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

You have a right to get your vehicle back and reinstate our agreement within 20 days from the date of this notice by paying the amount due at the time of the repossession (excluding any amount that would not be due except for an acceleration provision) and the actual and reasonable expenses paid as a result of the retaking and storage of the property. To reinstate our agreement and get your motor vehicle back, you must bring your account current by paying the following amounts:

| Amounts Payable to Us | |
|---|---|
| Total Amount(s) Past Due | $2796.29 |
| Unpaid Delinquency Charges: | $20.00 |
| Collection Expenses: | $30.00 |
| Expenses of our Retaking the Vehicle: | $450.00 |
| Expenses of our Storing the Vehicle*: | $0.00 |
| *This is the extent of the storage charges you are responsible for | |
| Amounts Presently Due to Us: | $3296.29 |

| Amounts Payable to Others: | |
|---|---|
| Law Enforcement Filing Fee for Report of Repossession: | $ 15.00 |
| Pay directly to: ALISO VIEJO POLICE DEPT | |
| 11 JOURNEY, ALISO VIEJO, CA 92656 | |

**IMPORTANT BANKRUPTCY NOTICE:  If either you, your spouse, or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s).  If either you, your spouse, or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you.  If you receive a bankruptcy discharge of your debts in the bankruptcy case, this notice is not an attempt to collect a debt and is for informational purposes only.  We may, however, seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral.  We will continue to proceed in accordance with all applicable laws and agreements.  This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and agreements.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

S1

The following amounts will come due during the reinstatement period (including the extension period) and will be added to the Amount Presently Due to Us listed above to determine the total amount you must pay to reinstate your contract and get the vehicle back. You must pay the Amount Presently Due to Us, and if payment is being made to us on or after the date an Additional Amount Payable to Us is due, you must also pay the Additional Amount Payable to Us.

Additional Amounts Payable to Us:

| | | |
|---|---|---|
| Payment(s) to come due on | 2022-07-25 | $552.00 |
| | | $ |
| | | $ |
| | | $ |
| Delinquency Charges (if you do not make the payment above, a late fee will be assessed to the account on the 16th day after the payment is due.) | | $5.00 |
| Other | $ | |

To reinstate the contract and get the vehicle back, you must submit payment in the amount of the Amount Presently Due to Us and the Additional Amounts Payable to Us (if such amounts have come due) to Bridgecrest at PO Box 29018 Phoenix, AZ 85038, or Bridgecrest.com, or call us at 800-965-8029 to discuss other payment options. You must also submit payment of the Amounts Payable to Others listed above (the Filing Fee for Report of Repossession) to the addresses listed above. In order to receive possession of your vehicle, you must submit proof of payment of the Law Enforcement Filing Fee for Report of Repossession to Bridgecrest at PO Box 29018 Phoenix, AZ 85038. You may also call us at the number listed above to discuss other payment options.

In addition, you can redeem the motor vehicle at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. As of the date of this notice, you must pay the following amounts to redeem the motor vehicle:

| | |
|---|---|
| Principal Balance: | $18485.86 |
| Accrued Interest: | $743.64 |
| Unpaid Delinquency Charges: | $20.00 |
| Total Collection Charges: | $30.00 |
| Expenses of our Retaking the Vehicle: | $450.00 |
| Expenses of our Storing the Vehicle: | $0.00 |
| Related Expenses: | $0.00 |
| Estimated Credit for Unearned Finance Charges | $0.00 |
| Estimated Credit for Cancelled Insurance: | $0.00 |
| **TOTAL OUTSTANDING DUE:** | $19729.50 |

These amounts reflect what you must pay to redeem your vehicle as of the date of this notice. This amount may increase the longer you wait. To learn the exact amount you must pay to redeem the vehicle, call us at 800-965-8029 or write us at PO Box 29018 Phoenix, AZ 85038.

**IMPORTANT BANKRUPTCY NOTICE:** If either you, your spouse, or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s). If either you, your spouse, or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you. If you receive a bankruptcy discharge of your debts in the bankruptcy case, this notice is not an attempt to collect a debt and is for informational purposes only. We may, however, seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral. We will continue to proceed in accordance with all applicable laws and agreements. This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

To redeem the motor vehicle, you must submit payment in the amount of the Total Outstanding Due listed above to Bridgecrest at PO Box 29018 Phoenix, AZ 85038, or Bridgecrest.com, or call us at 800-965-8029 to discuss other payment options. You must also submit payment of the $15.00 Filing Fee for Report of Repossession to the appropriate law enforcement official where your vehicle was repossessed at ALISO VIEJO POLICE DEPT 11 JOURNEY, ALISO VIEJO, CA 92656. In order to receive possession of your vehicle, you must submit proof of payment of the filing fee to Bridgecrest at PO Box 29018 Phoenix, AZ 85038.

Upon written request, Bridgecrest will furnish a written accounting regarding the disposition of the motor vehicle after the sale. This request must be personally served on Bridgecrest at 7300 E Hampton Ave #101 Mesa, AZ 85209 or sent first-class mail, postage prepaid, or certified mail, return receipt requested, Bridgecrest at PO Box 29018 Phoenix, AZ 85038.

If you redeem the motor vehicle or reinstate the contract, the motor vehicle will be returned to you at American Recovery Service 2102 W. 5TH STREET, SANTA ANA, CA 92703 or MANHEIM NEVADA 6600 AUCTION LANE, NORTH LAS VEGAS, NV 89165. Please call Bridgecrest at 800-967-9712 to learn the exact location of the vehicle.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 800-965-8029 or write us at PO Box 29018 Phoenix, AZ 85038 and request a written explanation. We will charge you $0.00 for the explanation if we sent you another written explanation of the amount you owe us within the last six months.

If you need more information about the sale call us at 800-965-8029 or write us at PO Box 29018 Phoenix, AZ 85038.

We are sending this notice to the following other people who have an interest in the vehicle described above or who owe money under your agreement:

None

Sincerely,

Bridgecrest

**IMPORTANT BANKRUPTCY NOTICE:  If either you, your spouse, or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s).  If either you, your spouse, or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you.  If you receive a bankruptcy discharge of your debts in the bankruptcy case, this notice is not an attempt to collect a debt and is for informational purposes only.  We may, however, seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral.  We will continue to proceed in accordance with all applicable laws and agreements.  This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and**

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Upon written request, Bridgecrest will extend the redemption and reinstatement period for an additional 10 days. If you choose to exercise this right, you must complete this form and either personally serve the completed form on Bridgecrest to the following address: 7300 E Hampton Ave #101, Mesa, AZ 85209, or send the form by certified or registered mail, return receipt requested, to the following address: Bridgecrest PO Box 29018 Phoenix, AZ 85038. Bridgecrest must receive the form before the expiration of the reinstatement or redemption period noted above. Upon receipt of your written request within the specified time, Bridgecrest will extend the redemption and reinstatement period and the date of sale by 10 days without further notice.

### REDEMPTION/REINSTATEMENT PERIOD EXTENSION REQUEST

I/We, _____

*(Please print/type name(s) of buyer(s) and any other party liable on the Contract referenced on the Notice of Intent to Dispose and Our Plan to Sell Property)*

hereby exercise my/our rights under Section 2983.2 of the Rees-Levering Motor Vehicle Sales and Finance Act to extend my/our redemption and reinstatement periods ten (10) days from the last day of the initial reinstatement and redemption dates noted on the Notice of Intent to Dispose and Our Plan to Sell Property of 2022-07-29.

X_____            X_____
Signature of Requesting Party                  Signature of Requesting Party


X_____            X_____
Print/Type Name                                Print/Type Name


X_____            X_____
Date:                                          Date:

**To preserve your rights, this form must be personally served or sent by certified or registered mail, return receipt requested, to the following address:**

**Personal Service**                           **Certified or registered mail**
Bridgecrest                                    Bridgecrest
7300 E Hampton Ave #101                        PO Box 29018
Mesa, AZ 85209                                 Phoenix, AZ 85038

**Bridgecrest must be in receipt of this fully executed form before the expiration of the initial reinstatement and redemption dates noted on the Notice of Intent to Dispose and Our Plan to Sell Property of 2022-07-29.**

**IMPORTANT BANKRUPTCY NOTICE:  If either you, your spouse, or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s).  If either you, your spouse, or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any debt from you.  If you receive a bankruptcy discharge of your debts in the bankruptcy case, this notice is not an attempt to collect a debt and is for informational purposes only.  We may, however, seek to enforce any existing security interests and liens against the repossessed collateral and other property that serves as collateral.  We will continue to proceed in accordance with all applicable laws and agreements.  This Notice of Disposition is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and**

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**EXHIBIT B**

Bridgecrest
PO Box 29018
Phoenix, AZ 85038

1V

09-16-2022

ԳՈԳՈՐՈՐՈ||||Ո|||Ո||Ո||Ո||Ո||Ո||Ո||Ո||

ALICIA MICHALAK                        1V-77 - 1



Account Number: ████2601

## Explanation of Calculation of Surplus or Deficiency
**Subject: Sale of  2017 MAZDA MAZDA3** ████████**103874**

As result of your default, we repossessed and sold the vehicle described above for $ 17600.00. This statement outlines the manner in which we applied the sale proceeds.

Explanation of Some Terms:
Surplus: The disposition proceeds are greater than the amount owed to us and secured by the vehicle (including applicable costs and expenses, and attorney's fees), resulting in a surplus that we will either return to you or pay to someone else claiming an interest in the vehicle.

Deficiency: The disposition proceeds are less than the amount owed to us and secured by the vehicle (including applicable costs and expenses, and attorney's fees), resulting in a deficiency.  You remain liable to us for this deficiency, which you are required to pay in full upon receipt of this communication.

### Calculation of Surplus or Deficiency

| | |
|---|---|
| Aggregate amount of obligations secured by the security interest as of 09-16-2022: | $    19562.40 |
| Amount of the proceeds of the disposition: | $    17600.00 |
| Aggregate amount of the obligations after deducting the amount of proceeds = | $    1962.40 |

*Amount of expenses:*

| | |
|---|---|
| *Expenses of retaking:* | $    425.00 |
| Expenses of preparing for disposition: | $    87.00 |
| Expenses of disposition: | $    1147.50 |
| Other expenses: | $    0.00 |
| Amount of attorney fees and costs (if any): | $    0.00 |
| ADD: Total Expenses = | $    1659.50 |

*Amount of credits and/or rebates:*

| | |
|---|---|
| Unearned finance charges: | N/A |
| Rebates of insurance premiums (VSC, GAP, GPS): | $    0.00 |
| LESS: Total Credits and Rebates = | $    0.00 |

EXP-GEN

Rev. 05/2022

| The amount of surplus (if applicable): | 0.00 |
|---|---|

**Or,**

| The amount of deficiency (if applicable): | 3621.90 |
|---|---|

Future debits, credits, charges, including additional credit service charges, rebates, and expenses may affect the amount of the surplus or deficiency.

We seek only to collect amounts due and unpaid, as allowed by law.  If we become aware that you have been charged any amounts that are not properly due, we will credit those amounts to your account.  At this time, we are not aware of any such charges.

Additional information regarding the transaction is available by calling us at, 800-965-8046 or at our place of business listed below.

*Sincerely,*
*Bridgecrest*
*CC: None*

**IMPORTANT BANKRUPTCY NOTICE**: If either you, your spouse, or anyone who is liable for this debt has filed bankruptcy, please contact us immediately at the number listed above to provide information regarding the bankruptcy case(s).  If either you, your spouse, or anyone who is liable for this debt has filed for bankruptcy, we may be stayed from selling the repossessed collateral and from attempting to collect any deficiency from you.  If you receive a bankruptcy discharge of your debts in the bankruptcy case, this notice is not an attempt to collect a debt and is for informational purposes only. We may, however, seek to enforce any existing security interests and liens against any collateral. In addition, any surplus resulting from the sale of the repossessed collateral may be paid to the bankruptcy trustee appointed in the bankruptcy case. We will continue to proceed in accordance with all applicable laws and agreements.  This Explanation of Calculation of Surplus or Deficiency is for the purpose of complying with Article 9 of the Uniform Commercial Code and all applicable laws and agreements.

**Bridgecrest**
**PO Box 29018**
**Phoenix, AZ 85038**
**Agency Manager 800-965-8046**

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

EXP-GEN

Rev. 05/2022

Case # 30-2022-01294302-CU-CO-NJC  Page ID # 33

1    KEMNITZER, BARRON & KRIEG, LLP
     ADAM J. MCNEILE        Bar No. 280296
2    KRISTIN KEMNITZER      Bar No. 278946
     1120 Mar West St., Ste. C2
3    Tiburon, CA  94920
     Telephone: (415) 632-1900
4    Facsimile: (415) 632-1901
     adam@kbklegal.com
5    kristin@kbklegal.com

6    Attorneys for Plaintiff ALICIA MICHALAK

7

8

9
                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                         IN AND FOR THE COUNTY OF ORANGE
11

12   ALICIA MICHALAK, individually and on      **Case No.**
     behalf of the general public,
13                                             **DECLARATION REGARDING VENUE**
                          Plaintiff,
14                                             Unlimited Civil Case
               vs.
15
     BRIDGECREST CREDIT COMPANY, LLC;
16   and DOES 1 through 50, inclusive,

17                        Defendants.
     _____/
18

19          I, ADAM J. McNEILE, declare:

20   1.     I am an attorney duly licensed to practice law in all of the courts of the State of

21   California, including the court in which this action is pending.  I am an attorney in the law firm

22   KEMNITZER, BARRON & KRIEG, LLP, attorneys for Plaintiff in this lawsuit.

23   2.     I have personal knowledge of the facts stated herein and am competent to testify thereto.

24   3.     We have selected venue in Orange County because Plaintiff resides in Orange County

25   and the acts and practices alleged herein, including the attempts to collect the illegal deficiency

26   balance, occurred in Orange County.

27          I declare under penalty of perjury under the laws of the State of California that the

28   foregoing is true and correct, and this Declaration is executed on November 23, 2022, at

                                                1

Tiburon, California.

_____

ADAM J. McNEILE

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 1275 N. Berkeley Ave<br>MAILING ADDRESS: 1275 N. Berkeley Ave<br>CITY AND ZIP CODE: Fullerton  92838<br>BRANCH NAME:  North Justice Center | **FOR COURT USE ONLY**<br><br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE*<br><br>**Dec 2, 2022**<br>Clerk of the Superior Court<br>By: **A. GILL,** Deputy |
| PLANTIFF: Alicia Michalak | |
| DEFENDANT: Bridgecrest Credit Company | |
| Short Title: MICHALAK VS. BRIDGECREST CREDIT COMPANY | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01294302-CU-CO-NJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>05/02/2023</u> at  <u>09:00:00 AM</u> in Department <u>N16</u> of this court, located at <u>North Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

North Justice Center
1275 N. Berkeley Ave
Fullerton  92838

**SHORT TITLE:** MICHALAK VS. BRIDGECREST CREDIT COMPANY

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
|---|---|
| | **30-2022-01294302-CU-CO-NJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Fullerton</u> , <u>California</u>, on <u>12/02/2022</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>12/05/2022</u>.

Clerk of the Court, by: _____ , Deputy

KEMNITZER, BARRON & KRIEG, LLP
1120 MAR WEST STREET # C2
TIBURON, CA 94920

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2